# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JESSE A. DAUL,
    Plaintiff,

v.                                    Case No. 17-C-1719

KEITH TOMLIN,
JIM SCHWOCHERT,
WILLIAM POLLARD,
MICHAEL BERNSTEIN,
TAMMY DEVRIES,
BUFFY GOSLINOWSKI,
PATRICK SCHNEIDER,
SALLY PEDERSON,
BRIAN HAYES,
JEREMY CAMPSHURE,
JEFFREY WAGNER,
JONATHAN ZEISSER,
KEITH SELLEN, and
JOHN DOES,
    Defendants.

## ORDER

Plaintiff Jesse Daul, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights. On February 28, 2018, plaintiff filed a motion seeking leave to file an amended complaint. Pursuant to Fed. R. Civ. P. 15, I will grant his motion. Plaintiff's proposed amended complaint (Docket No. 9-1) will be docketed as the operative complaint in this case.

Plaintiff also filed a motion seeking leave to proceed with his case without prepayment of the filing fee. Plaintiff has also asked me to waive his obligation to pay an initial partial filing fee and to allow him to supplement his amended complaint. This order resolves plaintiff's motions and screens his amended complaint.

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that plaintiff pay an initial partial filing fee. On January 18, 2018, I ordered plaintiff to pay an initial partial filing fee of $0.96. Plaintiff asserts that he has neither the assets nor the means to pay the initial partial filing fee. Docket No. 8. He asks that I waive his obligation to pay the initial partial filing fee and that, instead, he be allowed to pay the entire filing fee over time. I will grant plaintiff's request. Plaintiff must pay the $350 filing fee over time in the manner I explain at the end of this decision.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

Plaintiff alleges that, on September 10, 2015, he was sentenced by the Brown County Court to one year in the county jail, consecutive to a prison sentence. Docket No. 9-1 at 2. Plaintiff explains that good time credit reduced his sentence to nine months. Plaintiff was transferred to Dodge Correctional Institution, where his release date was initially left uncalculated. Plaintiff was then transferred to Oshkosh Correctional Institution, where plaintiff was instructed to write to the records supervisor to obtain a release date.

Defendant A. Parenteau of the records department provided plaintiff with a release date, which plaintiff contended was incorrect. Plaintiff states that defendant Keith Tomlin relied on an "unlawful DAI/DCI policy and unlawful legal opinion" to support the release date computation. *Id.* Plaintiff alleges that, as a result of the improper release date, he was released after eight months (instead of nine) and the four months

3

remaining on his one-year sentence was to be imposed only in the event his parole was revoked.

Plaintiff states that, prior to being released from the initial eight months of confinement, he exhausted his administrative remedies in an effort to correct his release date and "prevent this unlawful parole." *Id.* at 3. Upon release, plaintiff also notified his agent of the "unlawful parole." *Id.* Upon revocation, plaintiff notified his defense attorney, the DHA law judge, the DHA administrator, and others of the "unlawful parole." *Id.* Plaintiff also notified the sentencing court of the "unlawful parole." *Id.* Everyone plaintiff contacted refused to correct the computation.

In January 2018, plaintiff filed a petition for writ of habeas corpus, which is currently pending before me. *See* Case No. 18-cv-138 (E.D. Wis.). Plaintiff alleges that various defendants at his institution began to harass him by delaying legal forms and legal loan supplies after he decided to file his habeas petition.

Plaintiff states that he is currently "serving days in excess of [his] sentence[] on Case #15CF807." *Id.*

*Analysis*

Plaintiff is challenging his sentence based on his belief that the Wisconsin appellate court case upon which the DAI/DOC computation policy is premised is "unlawful." Because plaintiff is challenging the duration of his confinement, granting plaintiff's request for relief would imply the invalidity of his sentence. *See Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir. 1996). Plaintiff's cause of action is barred because his sentence has not been declared invalid or expunged. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

4

As mentioned, plaintiff has filed a habeas petition. "His cause of action may accrue if he eventually succeeds in his habeas petition challenging the computation and duration of his sentence." *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (citations omitted). However, at this point, plaintiff may not proceed with a § 1983 action on these allegations.

I will, however, allow plaintiff to proceed on a First Amendment retaliation claim against defendants Tammy Devries, Michael Bernstein, Buffy Goslinowski, and unnamed restricted housing officers based on his allegations that they delayed his legal forms and indigent loan supplies and limited his legal library time in response to him filing his habeas petition. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) ("An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution.")

*After* the named defendants respond to plaintiff's complaint, and *after* I enter a scheduling order settling deadlines for discovery and the filing of dispositive motions, plaintiff may use discovery to identify the real names of the Doe defendants. I caution plaintiff that the officers he seeks to substitute for the Doe placeholders must have been personally responsible for the alleged misconduct. Plaintiff should not name as a defendant every officer he ever had contact with, as there is no vicarious liability under § 1983.

Finally, on March 12, 2018, plaintiff filed a motion to supplement his complaint. I will deny plaintiff's motion. Plaintiff seeks to name a large number of defendants, all of whom he allegedly complained to about his sentence or the alleged retaliation. Plaintiff alleges that they refused to intervene or provide him the remedy he requested. Plaintiff

5

fails to state a claim against these individuals. "Public officials do not have a free-floating obligation to put things to rights . . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The mere fact that these individuals did not drop everything to investigate plaintiff's claims is an insufficient basis for them to be liable under § 1983. *Id.* (citing *Durmer v. O'Carroll*, 991 F.2d 64 (3rd Cir. 1993), *Johnson v. Doughty*, 433 F.3d 1001, 1011 (7th Cir. 2006)).

*Conclusion*

**THEREFORE**, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to waive the initial partial filing fee (Docket No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file an amended complaint (Docket No. 9) is **GRANTED**. The clerk's office will docket plaintiff's proposed amended complaint (Docket No. 9-1) as the operative complaint in this case.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement the complaint (Docket No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Tomlin, Schwochert, Pollard, Schneider, Pederson, Hayes, Campshure, Jeffrey Wagner, Zeisser, and Sellen are **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin

Department of Justice for service on defendants Tammy Devries, Michael Bernstein, and Buffy Goslinowski.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendants Tammy Devries, Michael Bernstein, and Buffy Goslinowski shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $350 filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan

and e-mail documents to the court.[1] If plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2018.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.